IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CORNELIUS RUFF,**

                      Petitioner,

      v.                                                         CASE NO. 20-3086-SAC

**PAUL SNYDER, Warden,**
**Winfield Correctional Facility,**

                      Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

The case comes before the Court on petitioner Cornelius Ruff's petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner proceeds pro se and has submitted the filing fee. The Court finds that Petitioner has failed to exhaust his state remedies. The petition is therefore subject to dismissal.

### Background

On August 24, 2015, Petitioner pled no contest in Wyandotte County District Court to aggravated kidnapping and two counts of aggravated robbery. In July of 2016, he was sentenced to 172 months in prison.

Prior to sentencing, Petitioner filed a motion to withdraw his plea with the sentencing court. He alleged he did not understand the plea, the plea was unfair, and his attorney, KiAnn Spradlin, misled and coerced him into taking the plea. *See State v. Ruff*, 408 P.3d 493 (Table), 2017 WL 6542921, *1 (Kan. App. Dec. 22, 2017). The district court denied his motion after an evidentiary hearing, and Mr. Ruff appealed the denial. The Kansas Court of Appeals affirmed the district

1

court's denial of the motion on December 22, 2107.  *Ruff*, 2017 WL 6542921.  The Kansas Supreme Court denied review on August 30, 2018.

Mr. Ruff then filed a state habeas action pursuant to K.S.A. 60-1507 on January 9, 2019.  He alleged the district court violated his constitutional and statutory right to a speedy trial, he never formally waived his right to a speedy trial, and his attorney was ineffective for continuing his trial.  The district court denied relief on July 26, 2019.  Petitioner did not appeal the denial.

## Petition

Mr. Ruff's petition here presents two grounds.  He first argues his right to a speedy trial was violated before he accepted the plea agreement because 126 days had elapsed between his arraignment and the plea.

Petitioner's second ground is that two of his trial counsel, Paul Dent and KiAnn Spradlin, provided ineffective assistance.  He alleges Mr. Dent was ineffective "by telling [Mr. Ruff] this is how we get conviction meaning him and the State", thus letting Petitioner know "he was for the State."  ECF No. 1, at 6.  Petitioner claims Ms. Spradlin was ineffective in that she coerced him into pleading "by saying the jury did not have to hear [his] defense of duress."[1]  *Id*. at 7.  Petitioner further alleges both attorneys were ineffective in that neither "brought up any evidence DNA paperwork."[2]  *Id*.

---

[1] This ground is clarified in an exhibit attached to the petition.  In what appears to be Petitioner's motion to withdraw his plea, it states, "Mr. Ruff alleges that on the morning of trial Ms. McBratney [Spradlin] told him that his defense may not be able to be heard by the jury . . . and that then he would not have a defense and that he should take the plea . . .."  ECF No. 1-6, at 3.

[2] It is unclear what Petitioner is alleging in regard to the DNA evidence.  He attached to his petition a DNA report from the Kansas Bureau of Investigation Forensic Laboratory and two fingerprint reports from the KCKPD Crime Scene Investigation Unit.  *See* ECF No. 1-8.  The DNA report shows no conclusions could be drawn from swabs of two guns (presumably used in the crime of which Mr. Ruff was convicted), either because mixed DNA profiles were obtained or because no profile was obtained.  ECF No. 1-8, at 2.

## Rule 4 Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

## Analysis

A federal court cannot grant a state prisoner's habeas petition unless the petitioner has exhausted his claims in state court. *See* 28 U.S.C. § 2254(b)(1). Exhaustion requires that a state prisoner give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see Pavatt v. Carpenter*, 928 F.3d 906, 923 (10th Cir. 2019). "A claim is exhausted only after it has been fairly presented to the state court." *Pavatt*, 928 F.3d at 923 (quoting *Simpson v. Carter*, 912 F.3d 542, 564 (10th Cir. 2018)). This requires prisoners to "fairly present their claims to the state's highest court—either by direct appeal or in a post-conviction attack—before asserting the claims in federal court." *May v. Heimgartner*, 794 F. App'x 751, 755 (10th Cir. 2019) (citing *see Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009)). Petitioner bears the burden of showing exhaustion. *See Olson v. McKune,* 9 F.3d 95, 95 (10th Cir. 1993).

Where a petitioner has failed to fully exhaust a habeas claim in the state courts and no available state remedy remains, the claim may be subject to dismissal for procedural default. To overcome a procedural default, a petitioner must show both "cause" for the failure to comply with the state's procedural requirements and "prejudice" arising from the state court's refusal to

consider the merits or a fundamental miscarriage of justice based upon proof of actual innocence. *Frost v. Pryor*, 749 F.3d 1212, 1231-32 (10th Cir. 2014).

It appears that Petitioner has not given the Kansas courts a full opportunity to resolve all of his claims. While Mr. Ruff raised the claims he raises here in his 60-1507 action, he did not appeal the State district court's denial his motion and is now out of time to do so. *See Albright v. State*, 251 P.3d 52, 56 (Kan. 2011) (notice of appeal of judgment in 60-1507 proceeding must be filed within 30 days). He did not "invoke[e] one complete round of the State's established appellate review process" for most of the issues he raises in his petition. *O'Sullivan*, 526 U.S. at 845. Consequently, those claims are subject to dismissal as procedurally defaulted unless Petitioner can demonstrate cause and prejudice for the default.

It further appears that Mr. Ruff did raise a portion of his ineffective assistance of counsel claim in his motion to withdraw his plea, the trial court's denial of which he fully appealed. He argued there that Ms. Spradlin coerced and misled him into taking the plea. Because Petitioner gave the state's highest court an opportunity to resolve this aspect of his ineffective assistance of counsel claim, it has been properly exhausted.

Where, as here, a petitioner files a "mixed petition" containing both exhausted and unexhausted claims, the general rule is that the Court must dismiss the petition. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005); *May*, 794 F. App'x at 755 (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)).

However, the rule of total exhaustion is not absolute, and the Court has three other options. *Id.* (citing *Harris v. Chapman*, 48 F.3d 1127, 1131 n.3 (10th Cir. 1995) and *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016)). It may: (1) "stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims" (*Fairchild*, 579 F.3d at 1156);

4

(2) "permit the petitioner to delete the unexhausted claims from his petition and proceed only on the exhausted claims" (*Wood*, 833 F.3d at 1273); or (3) "ignore the exhaustion requirement altogether and deny the entire petition on the merits if none of the petitioner's claims has any merit" (*Fairchild*, 579 F.3d at 1156). A stay is only available in the limited circumstances where a petitioner had good cause for his failure to exhaust, the unexhausted claims are potentially meritorious, and there is no suggestion the petitioner intentionally delayed pursuing the unexhausted claims. *Rhines*, 544 U.S. at 278.

While Mr. Ruff's petition is subject to dismissal because it includes unexhausted claims, the Court will give Petitioner an opportunity to respond to this Order. If Petitioner can show that he did in fact exhaust his state court remedies for all claims he raises in his petition, he may proceed and Respondent will be directed to file an answer. If Petitioner did not properly exhaust his state court remedies, he must show that he had good cause for failing to do so and resulting prejudice. In the alternative, he could file an amended petition raising only the exhausted claim.

## Conclusion

The Court directs Petitioner (1) to show cause why the petition should not be dismissed due to his failure to properly exhaust all of the claims presented and (2) to show cause and prejudice to excuse the procedural default of those claims.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **July 6, 2020**, to show cause as directed and to submit an amended petition, if he chooses to do so. The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

**DATED:** This 5th day of June, 2020, at Topeka, Kansas.

                                    **s/ Sam A. Crow**
                                    **SAM A. CROW**
                                    **U.S. Senior District Judge**