IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CORNELIUS RUFF,

Petitioner,

v.                                  CASE NO. 20-3086-SAC

PAUL SNYDER,

Respondent.

MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. After Petitioner filed his amended petition (Doc. 5), the Court ordered Respondent to show cause why the writ should not be granted (Doc. 6). Respondent has filed his answer and return, which the Court has reviewed. The Court will allow Petitioner an opportunity to show the cause and prejudice required for this Court to examine the merits of the procedurally defaulted claim of ineffective assistance of counsel by Paul Dent.

**Background**

In July 2014, Petitioner was charged in Wyandotte County District Court with kidnapping, aggravated kidnapping, aggravated criminal sodomy, aggravated burglary, and two counts of aggravated robbery. *State v. Ruff*, 2017 WL 6542921, at *1 (Kan. Ct. App. 2017), *rev. denied* Aug. 30, 2018. Attorney Paul Dent was appointed to represent Petitioner. (Doc. 13-2, p. 44.) The State extended a plea offer, which Petitioner declined. *Ruff*, 2017 WL 6542921, at *1.

In April 2015, the state district court granted Petitioner's motion to dismiss Dent and appointed KiAnn McBratney (now Kiann

Spradlin) to represent Petitioner. (Doc. 13-2, p. 185-86.) Spradlin
negotiated a plea agreement with the State, which Petitioner
accepted. *Ruff*, 2017 WL 6542921, at *1. Pursuant to that agreement,
Petitioner pled no contest to one count of aggravated kidnapping
and two counts of aggravated robbery. *Id.* The state district court
accepted the plea, found Petitioner guilty of the three charges,
and set the matter for sentencing. *Id.*

Petitioner then filed multiple pro se motions, including a
motion to withdraw plea. *Id.* In November 2015, Spradlin filed a
motion to withdraw; the district court granted the motion and
appointed another attorney to represent Petitioner. *Id.* In December
2015, the district court held an evidentiary hearing on the motion
to withdraw plea at which Spradlin and Ruff both testified. *Id.*

Petitioner "generally alleged that Spradlin did not
effectively represent him. He claimed that he did not understand
the plea agreement at the time he entered it, that he was misled to
signing it, and that 'it's unfair in each and every way.'" *Id.*
Spradlin testified that she had not misled Petitioner,
misrepresented the plea agreement, or coerced him into taking the
plea. *Id.* at *2. The district court denied Petitioner's motion to
withdraw his plea and denied a subsequent motion for reconsideration
of that ruling. *Id.* at 3. In July 2016, the district court sentenced
Petitioner to 172 months in prison, in line with the plea agreement.
*Id.*

Petitioner appealed, arguing to the Kansas Court of Appeals
(KCOA) that the district court erred in denying his request to
withdraw his plea. *Id.* The KCOA affirmed the denial, specifically
holding that "the district court properly determined Ruff was

represented by competent counsel at the time he entered his no contest plea." *Id.* at *2, 4. The KCOA also held that the record supported the district court's ruling that Petitioner "was not misled, coerced, mistreated, or unfairly taken advantage of when entering his plea." *Id.* at *4. The Kansas Supreme Court denied the petition for review on August 30, 2018.

On January 9, 2019, Petitioner filed in state district court a motion for habeas corpus relief under K.S.A. 60-1507. (Doc. 13-11, p. 1.) He argued that the district court violated his constitutional and statutory rights to a speedy trial, he had never formally waived his rights to a speedy trial, and he had received ineffective assistance of counsel. *Id.* at 1-2. In his ineffective assistance of counsel argument, Petitioner did not identify by name the counsel he believed was or were ineffective and he focused on counsel's failure to enforce and safeguard his speedy trial rights. *Id.* at 2. The district court denied the 60-1507 motion in July 2019 and Petitioner did not appeal the denial. (Doc. 13-5, p. 1-11.)

On March 20, 2020, Petitioner filed in this Court his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He raised two grounds for relief:  (1) violation of his speedy trial rights and (2) ineffective assistance of counsel by Dent and Spradlin. *Id.* at 5-6. After an initial review of the petition, the Court issued an order noting that although his ineffective assistance of counsel claim based on Spradlin's actions and inactions appeared exhausted, his claim against Dent did not. (Doc. 3, p. 4.) Thus, the Court gave Petitioner the opportunity to show the cause and prejudice required for this Court to examine the merits of Petitioner's procedurally defaulted claim. *Id.* at 4-5. In

the alternative, the Court also offered Petitioner the opportunity to file an amended petition. *Id.* at 5.

Petitioner filed his amended petition on June 26, 2020. (Doc. 5.) Therein, he raises only one ground for relief:  ineffective assistance of counsel by Dent and Spradlin. *Id.* at 5. The Court ordered Respondent to show cause why the writ should not be granted, and has now received and reviewed Respondent's answer and return. Although the Court granted Petitioner 30 days after receipt by him of a copy of the answer and return to file a response to the answer and return, Petitioner did not do so.

A review of the pleadings and documents on file with the Court reaffirms the Court's earlier conclusion that Petitioner's claim of ineffective assistance of counsel by Dent is procedurally defaulted. Petitioner has never raised this argument to the Kansas Court of Appeals, as required to exhaust the claim. *See Picard v. Connor*, 404 U.S 270, 275-76 (1971); Kan. Sup. Ct. Rule 8.03B(a). At this point, however, the state court would find the claim regarding Dent procedurally barred because Petitioner has already pursued one 60-1507 motion and any future 60-1507 motion would likely be deemed untimely and successive. See K.S.A. 60-1507(c) and (f). Thus, there is a "procedural default" of the argument that Dent provided ineffective assistance of counsel. *See Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (explaining procedural default).

This Court cannot review the merits of a procedurally defaulted claim unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundament al miscarriage of justice." *Id.* To demonstrate

cause, Petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules." *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). If Petitioner fails to demonstrate cause, the Court need not consider whether he can establish the requisite prejudice. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995). The "fundamental miscarriage of justice" exception is available only in the "extraordinary" case of one who is "innocent of the crime." *Gilbert v. Scott*, 941 F.3d 1065, 1068 n.2 (10th Cir. 1991).

To support a claim of actual innocence, Petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). Ordinarily, this exception "requires [the] petitioner to support his allegation of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

The Court will allow Petitioner a final opportunity to demonstrate the cause and prejudice required to overcome the bar of procedural default regarding his claim that Dent provided ineffective assistance of counsel. If Petitioner fails to file a response to this order on or before April 7, 2022, the matter will be decided based on the pleadings presently before the Court.

**IT IS THEREFORE ORDERED** that Petitioner is granted until April 8, 2022, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Petitioner's argument that Dent provided ineffective assistance of counsel should not be summarily denied as procedurally defaulted.

**IT IS SO ORDERED.**

DATED:  This 8th day of March, 2022, at Topeka, Kansas.


                              S/ Sam A. Crow

                              SAM A. CROW
                              U.S. Senior District Judge