```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS

CORNELIUS RUFF,

                         Petitioner,

          v.                            CASE NO. 20-3086-SAC

PAUL SNYDER,

                         Respondent.
```

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Proceeding pro se, Petitioner challenges his 2015 convictions of one count of aggravated kidnapping and two counts of aggravated robbery. Having considered Petitioner's claims together with the state court record and relevant Supreme Court precedent, the Court concludes that Petitioner is not entitled to federal habeas corpus relief and denies the petition.

### Nature of the Petition

Petitioner seeks relief from his convictions, alleging that he was denied the effective assistance of counsel.

### Factual and Procedural Background

In July 2014, Petitioner was charged in Wyandotte County District Court with kidnapping, aggravated kidnapping, aggravated criminal sodomy, aggravated burglary, and two counts of aggravated

1

robbery. *State v. Ruff*, 2017 WL 6542921, at *1 (Kan. Ct. App. 2017), *rev. denied* Aug. 30, 2018. Attorney Paul Dent was appointed to represent Petitioner. (Doc. 13-2, p. 44.) The State extended a plea offer, which Petitioner declined. *Ruff*, 2017 WL 6542921, at *1.

In April 2015, the state district court granted Petitioner's motion to dismiss Dent and appointed KiAnn McBratney (now Kiann Spradlin) to represent Petitioner. (Doc. 13-2, p. 185-86.) Spradlin negotiated a plea agreement with the State, which Petitioner accepted. *Ruff*, 2017 WL 6542921, at *1. Pursuant to that agreement, In August 2015, Petitioner pled no contest to one count of aggravated kidnapping and two counts of aggravated robbery. (Doc. 13-2, p. 215.) The state district court accepted the plea, found Petitioner guilty of the three charges, and set the matter for sentencing. *Ruff*, 2017 WL 6542921, at *1.

Shortly thereafter, Petitioner began seeking to withdraw his plea; over the remainder of the proceedings in the district court, Petitioner filed multiple pro se motions to withdraw his plea. (Doc. 13-2, p. 217-24, 263-64, 365-74.) In November 2015, Spradlin filed a motion to withdraw as counsel; the district court granted the motion and appointed another attorney to represent Petitioner. *Id.* at 261-62. The following month, the district court held an evidentiary hearing on the motion to withdraw plea at which Spradlin and Ruff both testified. (Doc. 13-7); *Ruff*, 2017 WL 6542921, at *1.

Petitioner "generally alleged that Spradlin did not

2

effectively represent him. He claimed that he did not understand the plea agreement at the time he entered it, that he was misled to signing it, and that 'it's unfair in each and every way.'" *Id.* Spradlin testified that she had not misled Petitioner, misrepresented the plea agreement, or coerced him into taking the plea. *Id.* at *2. The district court denied from the bench Petitioner's motion to withdraw his plea and denied a subsequent motion for reconsideration of that ruling. *Id.* at 3; (Doc. 13-7, p. 33). In July 2016, the district court sentenced Petitioner to 172 months in prison, in line with the plea agreement. (Doc. 13-10, 14-15);*Ruff*, 2017 WL 6542921, at *3.

Petitioner appealed, arguing to the Kansas Court of Appeals (KCOA) that the district court erred in denying his request to withdraw his plea. *Id.* The KCOA affirmed the denial, specifically holding that "the district court properly determined Ruff was represented by competent counsel at the time he entered his no contest plea." *Id.* at *2, 4. The KCOA also held that the record supported the district court's ruling that Petitioner "was not misled, coerced, mistreated, or unfairly taken advantage of when entering his plea." *Id.* at *4. The Kansas Supreme Court denied the petition for review on August 30, 2018.

On January 9, 2019, Petitioner filed in state district court a motion for habeas corpus relief under K.S.A. 60-1507 on the grounds that his rights to a speedy trial were violated and he

3

received ineffective assistance of counsel based on counsel's failure to protect his speedy trial rights. (Doc. 13-11, p. 1-2.) The district court denied the 60-1507 motion in July 2019 and Petitioner did not appeal the denial. (Doc. 13-5, p. 1-11.)

On March 20, 2020, Petitioner filed in this Court his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He filed his amended petition on June 26, 2020. (Doc. 5.) Respondent filed his answer and return on October 11, 2021. (Doc. 13.) Although the Court granted Petitioner time to respond to the answer and return, Petitioner did not do so.

## Standard of Review

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, when a state court has adjudicated the merits of a claim, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). In this context, an "unreasonable application of" federal law "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations omitted).

The Court presumes the correctness of the fact-finding by the

state court unless Petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). *See also Wood v. Allen*, 558 U.S. 290, 301 (2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). These standards are intended to be "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and require that state court decisions receive the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

**Exhaustion and Procedural Default**

A habeas petition generally must exhaust available state court remedies before seeking federal habeas relief. "'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994)). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted

5

available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). A federal court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Where a petitioner fails to present a claim in the state courts, and would be procedurally barred from presenting it if he returned to state court, there is an anticipatory procedural bar which prevents the federal court from addressing the claim. *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). A petitioner's unexhausted claim that is barred by anticipatory procedural default cannot be considered in habeas corpus unless he establishes cause and prejudice for his default of state court remedies or establishes a fundamental miscarriage of justice. *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

To demonstrate cause for the procedural default, petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not

6

reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). A petitioner also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

A procedural default also may be excused if a petitioner can show that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, a petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). A petitioner seeking relief under a defaulted claim and asserting a claim of innocence must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *House v. Bell*, 547 U.S. 518, 536-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

## Discussion

**Ineffective Assistance of Counsel**

Petitioner seeks habeas corpus relief on one ground: ineffective assistance of counsel by two of the attorneys who represented him at the state district court: Dent and Spradlin. (Doc. 5, p. 5.) He alleges that although Dent was appointed to represent Petitioner, Dent "was for the state," as seen by Dent's comment to Petitioner that "this is how we get convictions." Petitioner believes this comment shows that Dent did not advocate

7

for Petitioner's best interest, and he asserts that Dent did not raise DNA evidence. *Id.* Petitioner also alleges that Spradlin coerced him into the plea agreement by saying that a jury would not necessarily hear his desired theory of defense, by failing to raise DNA evidence, and by only spending 2.2 hours with him. *Id.*

**Mr. Dent**

In the state courts, Petitioner did not specifically challenge Dent's effectiveness. Although he argued in his 60-1507 motion that his counsel did not protect and enforce his right to a speedy trial, he did not identify which counsel he was alleging was ineffective, nor did he raise the specific arguments he now makes against Dent. The Tenth Circuit has held that when a petitioner raises a claim of ineffective assistance of counsel in the state court but "based it on different reasons than those expressed in his [federal] habeas petition," the bases which were not alleged in the state court have not been exhausted. *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).

In any event, Petitioner did not appeal the district court's denial of his 60-1507 motion, as required to exhaust the issue. At this point in time, the state court would find the claim regarding Dent procedurally barred because Petitioner has already pursued one 60-1507 motion and any future 60-1507 motion would be deemed untimely and successive. See K.S.A. 60-1507(c) and (f). Thus, the Court finds that an anticipatory procedural default applies to

Petitioner's claim of ineffective assistance of counsel by Paul Dent.

On March 8, 2022, the Court issued a memorandum and order to show cause directing Petitioner to show the required cause and prejudice or fundamental miscarriage of justice that would overcome this procedural default. (Doc. 14.) The deadline to respond has now passed[1] and Petitioner has not done so. In the absence of a response from Petitioner, the Court agrees with Respondent that Petitioner's claim based on actions or inactions by Paul Dent is procedurally defaulted and the Court finds no grounds to excuse the default. Accordingly, Petitioner's claim that Dent provided ineffective assistance of counsel cannot be the basis for federal habeas relief.

**Ms. Spradlin**

Petitioner alleges Spradlin was ineffective because she coerced and misled him into accepting the plea agreement, she "never brought up any evidence DNA paperwork," she met with Petitioner for only a total of 2.2 hours, and she failed to fight for Petitioner's best interests. (Doc. 5, p. 5.) Respondent argues that the state-court decision was not contrary to clearly established Federal law, the state court did not unreasonably apply federal law, and the state court did not base its decision on an unreasonable

---

[1] The order was originally mailed to Petitioner on March 8, 2022 with a response deadline in early April. (Doc. 14.) On March 21, 2022, however, the order was returned due to an incorrect inmate number, and the Court remailed it (Doc. 15.) It has now been a month since the order was re-mailed and Petitioner has not responded.

determination of the facts.[2]

Claims alleging ineffective assistance are analyzed under the standards established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, "a defendant must show both that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense." *United States v. Holloway*, 939 F.3d 1088, 1102 (10th Cir. 2019) (internal quotation marks omitted). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Review of claims of ineffective assistance of counsel presented in federal habeas corpus is deferential to the state courts. *See Harmon v. Sharp*, 936 F.3d 1044, 1058 (10th Cir. 2019). "When a state prisoner asks a federal court to set aside a sentence

---

[2] Although Petitioner's state-court challenge to Spradlin's representation was in the context of a motion to withdraw plea and not an argument that Spradlin provided unconstitutionally ineffective assistance of counsel in violation of the Sixth Amendment, Respondent does not argue that Spradlin's effectiveness was not exhausted in the state courts. Respondent's omission does not constitute "an absolute waiver of the claim," *see Granberry v. Greer*, 481 U.S. 129, 133 (1987), but the Court has determined that further briefing on exhaustion is unnecessary because the state-court records make clear that "the substance of" Petitioner's current claim of ineffective assistance of counsel was fairly presented to the state court, *see McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009). *See also Day v. McDonough*, 547 U.S. 198, 205-09 (2006) (comparing federal habeas timeliness requirements to the exhaustion requirement and concluding that where a respondent fails to raise such an affirmative defense, "district courts are permitted, but not obliged, to consider[ them] sua sponte"). Some of the factors expressly considered by the state district and appellate court were whether Petitioner had "competent" counsel and whether counsel had misled or coerced Petitioner, the grounds on which he now asserts ineffective assistance of counsel. In addition, the Court has the discretion to "ignore the exhaustion requirement altogether and deny the petition on the merits" because "none of the petitioner's claims has any merit." *See Fairchild v. Workman*, 579 F.3d 1134 (10th Cir. 2009).

due to ineffective assistance of counsel during plea bargaining, . . . the federal court [must] use a '"doubly deferential"' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013). Federal courts considering such claims "defer to the state court's determination that counsel's performance was not deficient and, further, to the attorney's decision in how to best represent a client." *Harmon*, 936 F.3d at 1058 (internal quotation marks and brackets omitted).

Spradlin's conduct and competence during the plea negotiation process was litigated thoroughly in the state district court and the validity of the plea was the sole issue in Petitioner's direct appeal. The district court held an evidentiary hearing on Petitioner's presentencing motion to withdraw plea, at which Petitioner and Spradlin both testified. As the KCOA explained in its opinion:

> "Ruff generally alleged that Spradlin did not effectively represent him. He claimed that he did not understand the plea agreement at the time he entered it, that he was misled to signing it, and that 'it's unfair in each and every way.'
>
> "The State had already extended a plea offer when Spradlin was appointed to Ruff's case, and Spradlin testified that it was one of the first things she discussed with Ruff when she was appointed to his case. Spradlin met with Ruff in jail five times and they also communicated via letters. When they discussed plea

11

negotiations, Ruff indicated that he was not guilty and was not interested in the plea deal, so Spradlin continued preparing for trial.

"Shortly before trial, Spradlin visited Ruff in jail to prepare. She also brought documents and paperwork to the jail to discuss with him. At that time, Spradlin reviewed each page of discovery with Ruff, shown by Spradlin's green mark and Ruff's initials on each page. Spradlin showed Ruff a sentencing grid, marking and explaining the potential outcomes in his case. Finally, Ruff signed a form that indicated Ruff and Spradlin discussed plea negotiations, went over the current plea offer, and that Ruff declined that offer.

"The morning of the trial, Ruff expressed concerns to Spradlin about going to prison after being convicted of a sexual offense. Spradlin approached the State about dropping the aggravated sodomy charge from the offered plea deal and exchanging it with another offense of the same level. The State agreed to that exchange, and Spradlin spoke to Ruff about the new plea deal:

"'I talked with my client about that and—and I said multiple times to my client that I'm not here to force him to do anything. I'm ready for trial. Trials are good with me, you know. And he had indicated to me that he wanted to take the offer as modified removing the sexual offense.'

"Spradlin denied she misled Ruff, misrepresented his plea, or coerced him into taking the plea. She testified that although the more complicated areas of the law were more difficult for him to grasp, Ruff understood what was going on in his case and was not otherwise incapable of entering into this agreement. She said that she reviewed

12

the plea agreement with him and explained what rights he would be waiving. She concluded her testimony by explaining that she and Ruff had what she considered to be a good working relationship with no communication problems, and that 'based on totality of the circumstances in dealing with him all those months, [she] was confident that he understood what was happening on August 24th.'"

After Petitioner and Spradlin testified and the state district court heard argument on the motion, the state district court ruled from the bench, denying the motion. The district judge, who had presided over Petitioner's entry of plea hearing, held that Petitioner had not been misled into the plea agreement and that his testimony to the contrary was not credible. He also ruled:

> "'I can find no problem with your counsel. She's a veteran criminal defense attorney in this jurisdiction, has appeared in this court many times. I can find no evidence that you were misled, coerced, mistreated, unfairly taken advantage of and I made sure that the plea was fairly and understandingly made. And your allegations with no factual support whatsoever, no evidence whatsoever to solidify and convince this Court otherwise, motion is denied.'"

Petitioner appealed. The KCOA affirmed the district court's determination that Spradlin was "competent" in her representation of Petitioner. The KCOA further found that Spradlin "met with [Petitioner] multiple times in jail and corresponded with him

13

through the mail." Regarding Petitioner's argument that Spradlin misled and coerced him into entering his plea, the KCOA ruled:

> "[T]he evidence establishes Spradlin worked to ensure that Ruff only entered into a plea agreement he felt comfortable with. It is noteworthy that Ruff had expressed concern about serving jail time after being convicted of a sexual offense and he agreed to the plea when it was further negotiated in his favor by dropping the aggravated sodomy charge. There is no indication other than Ruff's generic protests that he felt compelled to agree; in fact he gone for months without accepting a plea agreement while Spradlin prepared for trial. The record supports the propriety of the district court's determination Ruff was not misled, coerced, mistreated, or unfairly taken advantage of when entering his plea."

Further noting that "[t]he record indicates [Petitioner] had the assistance of competent counsel with him in court and was given ample opportunity to speak with her prior to entering the plea," the KCOA affirmed the district court.

The KCOA's decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). The state courts applied the correct legal standards and this Court has no grounds to disturb their

14

decision that Spradlin provided effective assistance of counsel.

**The Plea**

Petitioner's argument for federal habeas relief, liberally construed, could also be interpreted to argue that the state courts erred in denying his motion to withdraw his plea.[3] "[O]n federal habeas review we determine the adequacy of a state court plea hearing under the due process clause of the Fourteenth Amendment by inquiring whether the defendant entered the plea 'voluntarily and with a complete understanding of the nature of the charge and the consequences of his plea.'" *Miles v. Dorsey*, 61 F.3d 1459, 1471 (10th Cir. 1995) (citations omitted). "In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005).

As set forth above, the state courts thoroughly examined whether Petitioner's plea was voluntary and whether Petitioner understood the nature of the charges against him and the consequences of his plea and concluded that there was not good cause to allow Petitioner to withdraw his plea. The state court decision that Petitioner was not misled or coerced into the plea agreement

---

[3] Respondent appears to have interpreted Petitioner's claim in this way, citing the legal standards applicable to this type of claim. (See Doc. 12, p. 14-17.)

and that his plea was fairly and understandably made was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

## Conclusion

In summary, whether the Court considers Petitioner's argument as a claim of ineffective assistance of counsel or as a claim that his plea was unconstitutionally made, the state courts applied the correct legal standards and reasonably determined the facts in the light of the evidence presented to them. Petitioner is not entitled to federal habeas corpus relief.

Because the Court enters a decision adverse to Petitioner, it must consider whether to issue a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

Having considered the record, the Court finds petitioner has not made a substantial showing of constitutional error in the state

courts and declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for habeas corpus is denied. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 21st day of April, 2022, at Topeka, Kansas.

> S/ Sam A. Crow
>
> SAM A. CROW
> U.S. Senior District Judge